[No. 3456.]

HAVER v. COLLINS.

1. PLEADING—*Complaint Construed—Legal or Equitable.* A complaint alleging fraud in inducing plaintiff to purchase a promissory note, tendering the note and a deed of trust given to secure it, and demanding judgment for the amount paid, with interest, presents a cause of equitable cognizance.

2. APPEALS—*Party Concluded by Position Assumed Below.*
Defendant objected to a jury upon the ground that the cause was
equitable in its nature and should be tried by the court. The
objection was overruled, without any reason assigned. At the
conclusion of the testimony the court refused all instructions ten-
dered, upon the ground that the cause was an equity case, and
submitted certain questions of fact to the jury for special findings,
accepting the verdict, as advisorly merely.

Held that the court in adopting the contention of defendant
committed no error, and it was not to be said that the court had
assumed to change the character of the cause during the trial.

3. —— *Correct Judgment—Effect.* Where upon the evidence
heard in the court below no judgment but that given was pos-
sible, such judgment is to be affirmed.

*Appeal from Pueblo District Court.* HON. J. E.
RIZER, Judge.

Messrs. HARTMAN & BALLREICH, Mr. CHARLES
W. O'DONNELL, and Mr. CHARLES L. AVERY, for ap-
pellant.

Mr. JOHN W. DAVIDSON, for appellee.

CUNNINGHAM, J.

Collins, as plaintiff below, brought an action
alleging that Haver, the defendant, had fraudulent-
ly induced him to purchase a certain promissory
note of the face value of $800.00, and for which Col-
lins paid the face value, which said note Haver held
against one W. A. Williams. As alleged, the fraud
consisted of false representations concerning the
solvency of Williams, and the value of certain lands
on which Williams had given a trust deed to Haver
to secure the note in question.

When the case was called, defendant objected
to a jury, giving as his reason therefor that the case
wase equitable in its nature, and should be tried by
the court. The court overruled this objection, with-

out any suggestion whatever from plaintiff, and without assigning any reason for its ruling. At the conclusion of the testimony each side tendered instructions, on which the judge endorsed the following: "This being an equity case, all tendered instructions refused." Thereupon, the judge submitted certain questions of fact, which were answered by the jury, and adopted by the court, and incorporated into the decree. The defendant interposed an objection to the action of the trial court in declining to instruct the jury generally, saying:

"The defendant further objects and excepts to the instructions and each of them, for the reason that the court has now determined that the case should be tried as an equity case, and the jury should only be used as advisors to the court, when in fact the case has been tried to the point of submitting the instructions, as a law case, and all evidence has been introduced and received in the case as a law case, and that the change from a law case to an equity is without the consent or acquiescence of defendant, and has put him to a disadvantage; therefore, the defendant objects to the submission of the case to the jury in the manner in which it is now submitted."

The plaintiff again made no objection or suggestion as to the attitude of the court in the matter of instructing the jury.

1. Throughout their briefs, counsel for defendant repeatedly allude to the trial judge "changing the cause of action from one at law to one in equity." It does not even appear that the judge changed his mind on the subject, much less the very nature of the case as made by the pleadings and the proof,

which would be an extremely difficult feat, to say the least. Moreover, in treating it as an equity case, the judge adopted the views expressed by the defendant when the case was called, and finally acted upon his suggestion.

2.    The case seems to have been brought to rescind an executed contract. The plaintiff, in his complaint, and on the trial, tendered the note and trust deed to defendant, that is, offered to return same, and the judgment demanded was for the money which had been paid for the note, together with interest thereon, less certain interest that had been paid. We therefore conclude that the case was equitable in its nature, and, if so, the action of the trial judge in instructing the jury specially, as he did, was proper.

3.    We have examined, with care, the entire evidence, as the same appears in the original bill of exceptions, and are unable to discover how either the jury or the trial judge could have reached conclusions different from those appearing in the verdict and decree. Hence the judgment must be affirmed.    *Affirmed.*